Gaston J.
 

 The case does not state explicitly that the defendant was a
 
 known
 
 constable, nor that the warrant in favor of Matthis was one on which bail was required. We
 
 *203
 
 feel ourselves bound, however, to understand that the facts are so, because he is described in the case generally as “a constable,” and the warrant was assumed by the judge to be one, which gave authority to arrest the prosecutor. Under this view of the case, we hold that there was error in the instructions to the jury. If a known officer, who has two warrants in his hands, the one legal and the other illegal, declare at the time of arrest that he makes the arrest by virtue of the illegal warrant, that is not a false imprisonment, for the lawfulness of the arrest does not depend upon what he declares, but upon the sufficiency of the authority which he then has.
 
 Grenville
 
 v
 
 College of
 
 Physicians, 12 Mod. 386.
 
 Crowther
 
 v
 
 Ramsbollom
 
 &
 
 al. 7
 
 Term Rep. 655. If the defendant, indeed, were not a known officer, or if the warrant of Matthis was not one, on which bail was required, the defendant, under the circumstances disclosed by the testimony, would be clearly guilty of the offence charged. When an arrest is made by one not a known officer, he is bound at the time to make known the warrant under which he arrests; and a warrant from a magistrate in a civil case,, upon which bail has not been required, is in law but a summons, and gives no authority to arrest.
 

 Tliis opinion must be certified to the Court below with instructions to set aside the verdict and award a new trial.
 

 Ter Curiam, New trial awarded,