PeaesoN, C. J.
 

 His Honor charged “ the warrants in this case, being for a misdemeanor, and.not for felony, gave the prisoner, Garrett, no authority, or any of his numerous guard of 18 men, all armed, to take away life, by the use of a deadly
 
 *149
 
 weapon, in order to execute his warrants.” We do not concur iu the proposition of law, which his Honor here lays down ; on the contrary, after mature reflection, we are satisfied, not only that it is erroneous, but would make the due administration of the law impracticable.
 

 These facts are not controverted: State’s warrants and peace warrants had been duly issued against the deceased and his wife and son and daughter, for an assault and battery on Adeline Burns; for the want of a regular officer, the sheriff duly deputed the prisoner, Garrett, to execute the warrants and arrest the defendants; Garrett goes to the, deceased and notifies him that he has the warrants, whereupon the deceased, having his gun, refuses to submit, but says he would let the sheriff or coroner serve the warrants. Garret, thereupon, retires, and on the next day, having summoned eighteen men, they ail go, armed with guns, to the premises of the deceased and arrest the son, whereupon the deceased, his wife and daughter, he armed with his gun, and they with an axe and knife, sally out from the house and meet the party in the lane; guns are several times pointed on both sides; the deceased starts to cross the fence and is shot by one of the guard.
 

 His Honor ought, to have instructed the jury that, as the deceased had put himself in resistance to the officer and his guard, they were not only authorised, but were bound to use such a degree of force as was necessary, in order to execute the warrants, and were entitled to a verdict of acquittal on the ground, that the homicide was justifiable, if no unnecessary violence had been used, unless from the fact,' that the prisoner had started to cross the fence, the jury should be satisfied that he had abandoned his deadly purpose of resisting to the death the execution of the law, and was attempting to make his escape by moving off; in which event, there was no longer any necessity for shooting, and the officer, or some portion of his men, should have run after him and captured him in that way, and in passing on this question, it was for the jury to determine, whether the intention of the deceased,
 
 *150
 
 in attempting to cross the fence, was to make an attack on Birchfield or to rescue his son, or run away; and in the latter-case, if he still retained his purpose of resisting to the death, and to make a
 
 rmining fight,
 
 the officer and bis men were not bound to risk their lives by rushing on a desperate man, who still kept his gun in his hands.
 

 This conclusion is so fully sustained by the necessity of “ preserving good order.and asserting the supremacy of the-law,” as to make it unnecessary to cite cases. In the execution of a Stale’s warrant for treason, felony, or a
 
 breach of the peace,
 
 the sacredness of the Lord’s day, is to be disregarded ; the d\ye]ii®g4M?n9«, (ok castle as it is termed in the books) mta-stobeffirpheip inj|<8,*-aad, §ve&>y thing done, which is necessary, in order to tQXeci^to: the* wárraKffc In other words, resistances to fhe,executi'Q». of the ebnamand of Jhe State, is not allowed*! The warrant
 
 peaceably, if yore can, foreiblyff ytni must.,;-,
 
 * 4l
 

 Therewe-ofh©r-péj¡nts"jto. which \P®-'J!Piphnot¡*l,efer, because, from the meaner -is wkich-the case is madsThp, we are not satisfied that wasclearly ajp-preh-enflktheiBi: It is proper, however, to say that we caift •eeTS-ra£)--®vidgnce‘, by a perusal of the-record, to justify this charge : “The deceased, -whilst, he-had a right to defend himself,, had no right to use a deadly weapon,
 
 vmless- in self-defense of Ms life.”
 
 When a man puts him¡self in a state of resistance, and openly defies the officers of the law, he is not allowed totake ad vantage o>f his own wrong, if his life is thereby endangered, and to set up the- excuse oí self-defense. Again, one who is not a known officer, ought to show his warrant, and read it, if required, but it would seem that this duty is not so imperative as that a neglect of it will make him a trespasser
 
 ah
 
 where there is proof that the party, subject to be arrested, had noti.ee of the warrant, and was fully aware of its contents, and had made up his mind to resist its execution at all hazzards. There is error-
 

 Pee Cukiam, Judgment reversed-