THE STATE *v.* BARNEY BRYANT *alias* COBB.

A private person may arrest for felony, when it appears that it is necessary, for want of an officer or otherwise, that he should do so, to prevent the escape of the felon. In making such arrest for a felony, the person making it must notify the felon of his purpose, or he will be guilty of a trespass.

It seems that a private person who, when it is necessary for him to act, attempts to arrest a felon guilty of a capital offence, such as murder or rape, may kill him if he either resists or flies, but he has no right to kill a person guilty of a felony of an inferior grade, such as theft, if he does not resist, but only attempts to escape by flight.

The defendant was tried at the last Term of the Superior Court for the County of WAYNE, before his Honor, *Clarke, J.,* upon an indictment for an assault and battery upon one Cogdell. It appears in evidence that a hog was stolen from the defendant's employer, and that the defendant suspecting that Cogdell was the thief, went to his house and charged him with the offence, but he denied it and attempted to run off, when the defendant, after ordering him four times to stop, shot him. The stolen hog was found in Cogdell's house, partly cleaned and cut up, his wife and children being the only persons there. His Honor, upon these facts, held that the defendant was guilty and so charged the jury, whereupon a verdict of guilty was rendered and a judgment pronounced, from which the defendant appealed.

*Faircloth,* for the defendant.
*Attorney General,* for the State.

READE, J. The defence is put upon the ground, that a felony had been committed to the knowledge of the defendant; that he, a private person, had the right, without a warrant, to arrest the felon; that the felon fled to prevent arrest, and that the defendant shot him to prevent his escape.

It is the duty of every sworn officer, and the privilege of every private person, to prevent the commission of crime, and to arrest the felon when crime has been committed.

The right of a private person to arrest without warrant, grows out of the importance of bringing offenders to trial, and the danger of escapes, when warrants cannot be readily had. But, manifestly, when the condition of things will bear it, it is best to apply to a Justice for a warrant, or, to apply to a Constable or Sheriff. But when such delay would be dangerous, a private person may arrest without a warrant, and may call others to his assistance. "Nay, further, if the felon resists or flies, so that he cannot be taken without killing him, this is justifiable, and no felony; but still, it must be where he cannot be otherwise taken." 2 Hale's P. C., 76-7.

It must be, however, that the powers of arresting, and the means used, must be enlarged or modified by the character of the felony. The importance to society of having felons arrested in cases of capital felonies—such as murder and rape—must be much greater than in cases of inferior felonies, such as larceny. As is said in Hale's P. C. 73, in speaking of the liability of the ville, town or county for the escape of felons: "But this is only in case of felony touching the death of a man; for there the fact is apparent that the man is slain; but in case of other felony, as theft, there, though the thief be not taken, no amercement lies upon the town, or other penalty at common law." Extreme measures, therefore, which might be resorted to in capital felonies, would shock us if resorted to in inferior felonies. But, in any case where extreme measures are resorted to in making arrests, it must appear that they were *necessary*, and that the felon could not be otherwise taken. It should be noted, also, that the cases where extreme measures have been justified, have usually been cases where the felon has actually *resisted*. No man would attempt to arrest a felon if he

were not allowed the advantage of overcoming the resistance without subjecting himself to peril. He need not, therefore, engage with the felon on equal terms, but may overcome resistance with superior force, even to the extent of killing the felon if it be necessary. Yet it is said: " It behooveth them to be very careful that they do not misbehave themselves in the discharge of their duty, for if they do, they may forfeit this special protection." Foster, chap. 8, s. 18, p. 319.

In the quotation from Hale, *supra,* it is said that killing the felon may be justified if he " resists or flies." This would seem to put resistance and flight upon the same footing. But this must be understood with some modification. In case of resistance and conflict, the resistance must be overcome *then* and *there,* because, not only is the arrest of the felon involved, but the safety of him who is rightfully making the arrest. But ordinarily there is not the same urgency in case of flight; for, although he be not arrested then and there, yet he may be arrested at another time and place. So it would seem, that, at any rate, there ought to be pursuit, or a certainty of escape, before killing could be justified—else how does it appear that he "could not be otherwise arrested?"

It is necessary in all cases that the person making the arrest should make known his purpose ; else he may be treated as a trespasser.

Applying these principles to the case before us the defendant is clearly guilty. Suspecting, justly as it seems, that a felony—larceny—had been committed he did not go to a magistrate for a warrant, nor to a constable or sheriff ; but took his gun and went to the felon's house, and called him out. He did not inform the felon that he had come to arrest him, nor command him to surrender; but told him that he had " come to look for that stolen hog." The felon said, " the hog is not here," and ran off. The defendant ordered

him to stop, four times, and shot him. There was no pursuit, no resistance. The defendant did not inform the felon that his purpose was to arrest him ; and the felon may have reasonably supposed that his purpose was to kill him; and was running to save his life. There is nothing in the case to show even a probability, that if the felon escaped *then,* he could not be arrested at some other time or place. So, there was no *necessity* to kill; and if the defendant had killed he would have been guilty of manslaughter at the least.

The defendant did not observe Justice Foster's injunction to " take care how he behaved himself," and therefore he " forfeited the special protection" which the law would otherwise have afforded him.

There is no error. This will be certified.

PER CURIAM.                          Judgment affirmed.