## STATE v. A. H. A. BELK.

*Peace Officer — Assault on — Violation of Town Ordinance.*

1. In an indictment charging a prisoner with an assault on a peace officer, the official character of the assailed need not be averred.

2. The violation of a Town ordinance, even in the presence of a policeman, does not necessarily give him a right to arrest the offender.

3. In such cases, if the policeman is not known to be an officer, resistance without the use of excessive violence is justifiable

(The practice in regard to Special Verdicts discussed and explained by Mr. Justice Rodman.)

(*State* v. *Will*, 1 D. & B., 121; *State* v. *Garrett*, 1 Winst. 144; *State* v. *Briggs*, 3 Ire., 357; *State* v. *Kirby*, 2 Ire., 201; *State* v. *Bryant*, 65 N. C., 327; *State* v. *Stalcup*, 2 Ire., 50, cited and approved.)

INDICTMENT, for assault and battery, tried at Fall Term, 1876, of UNION Superior Court, before *Furches J.*

STATE *v* BELK.

The indictment was drawn in the usual form and charged. the defendant with an assault on one Weill. There was, evidence tending to show that Weill was a policeman in the town of Monroe, acting under its corporate authority ; and that the defendant was violating the laws of the town at the time the difficulty occurred, and resisted the policeman who arrested him.

The Solicitor for the State contended, that any resistance on the part of the defendant, would be, an assault on the officer ; but the Court being of a' different opinion, intimated that as the indictment did not set out the office or authority of Weill, the defendant and Weill should be put on an equal footing.

Upon this intimation, certain questions were submitted to the jury, and upon their findings in reply as in a special verdict, the substance of which is stated in the opinion, the Court gave judgment for the defendant and the Solicitor for the State appealed.

*Attorney General,* for the State.
No counsel for defendant.

RODMAN, J. The Judge seems to have thought that, because the indictment was in the usual form for an assault, and battery and did not show that Weill (the person assaulted) was a police officer, and that he had arrested the defendant by virtue or under color of his office, the jury were not at liberty to consider those facts as bearing on the question of the defendant's guilt.

In this we think the Judge was mistaken. If there were any statute which made an assault on a policeman an offence of a different grade from one on an unofficial person, as an English statute did in respect to an assault on a privy counsellor when in the execution of his office (1 East, P. C., ch. VII, § 2) or which imposed a greater punishment for such an

assault, then, *in order to bring the offender within the statute*, it would be necessary to charge that the person assailed was a policeman. But there is no such statute. A Judge might consider an assault on a peace officer engaged in discharging his lawful duty, as deserving a severer punishment by reason of the official character of the assailed, just as he might consider an assault on a woman or on a feeble man, more heinous by reason of their weakness. But in all these cases the character of the offence and the form of the indictment are the same.

This is established by many precedents and there is none to the contrary. If an officer is killed in making an arrest, the indictment is in the usual form for murder, and does not state the official character of the deceased. And so, if the party arrested, resists without killing. 1 East, P. C., 294, ch. 6, § 2; *State* v. *Will*, 1 D. & B., 121; *State* v. *Garrett*, 1 Winst., 144; *State* v. *Briggs*, 3 Ire., 357.

It is true that the law applicable to the case of an assault upon a constable or other peace officer, while lawfully making an arrest, is not the same as that which applies, when the party assailed is an unofficial person acting without authority. But all the facts presenting the relations between the parties and calling for an application of the appropriate principles of law, may be brought out in evidence and submitted to the jury under proper instructions from the Court.

Instead of submitting the case to the jury on the general issue of not guilty and with instructions as to the law appropriate to the evidence, the Judge submitted certain questions to the jury and these, with their findings in reply, are regarded by the Judge and sent up to us, as a special verdict.

We think this practice is one not to be advised in criminal cases. It will be found inconvenient and moreover, it tends to impair the undoubted right of juries to find general verdicts, or at least to discourage its exercise.

A special verdict is properly in the form of a statement of facts, with a conclusion leaving it to the Court, to enter a verdict of guilty or not guilty, according to its judgment on the law. The answers of the jury in this case when put in that form would read thus, "Weill was a policeman in the town of Monroe. He arrested the defendant for violating an ordinance of the town and struck the defendant with a stick or other weapon. Afterwards the defendant violently shoved Weill." This is all that is found.

Upon this special verdict the Solicitor for the State moved the Judge for judgment against the defendant, which the Judge refused to give and ordered the defendant to be discharged, without however entering a verdict of acquittal, as in his view of the case he should have done, in order to protect the defendant from a second prosecution. From this order of discharge the Solicitor appealed to this Court.

Upon this scanty and evidently imperfect statement of the facts of the occurrence in the supposed special verdict, we are required to determine on the guilt of the defendant.

It is familiar law, that nothing can be added to a special verdict by inference. If it omits to set forth any fact essential to constitute the offence charged, it is defective and the defendant must be held acquitted. In like manner if it shows a defence, the defendant must be acquitted.

In considering this special verdict, it is seen to omit to find that the assault was committed in Union county and in the town to which the policeman's jurisdiction was limited. We pass this over, however, as the objection was not made.

No fact is stated from which it appears that the policeman had authority to arrest the defendant. A peace officer may arrest without warrant upon suspicion of felony and for a breach of the peace committed in his presence. And Mr. Chitty adds, "for some other misdemeanors." But these others we conceive are only those which some statute gives

a right to arrest for without warrant. 1 Chit. Cr. Law, 20, Bat. Rev. ch. 33, §§ 1–3.

The violation of a town ordinance, even in the presence of a policeman, does not necessarily give him a right to arrest the offender; and it does not appear here that the violation of the ordinance was in the officer's presence. It may have been long before the arrest.

It is true that if a person lawfully arrested, resists with violence to the officer, he is guilty of an assault, if he knows or is notified, that the officer is one. *State* v. *Kirby*, 2 Ire., 201 ; *State* v. *Bryant*, 65 N. C., 327.

But if the officer has no authority to make the arrest, or having the authority, is not known to be an officer and does not in some way notify the party that he is an officer and has authority, the party arrested may lawfully resist the arrest as if it were made by a private person. 1 East. P. C, pp. 309, 312, 314, *State* v. *Kirby* and *State* v. *Bryant*, ante.

In this case the policeman was not known to be an officer and did not notify the defendant that he was one. If, therefore, the defendant had resisted the arrest without the use of excessive violence, he would have been justified. But he did not resist and committed no assault, until after (how long after does not appear) the policeman had struck him with a stick or other weapon.

An officer who is resisted in making an arrest which he is authorized to make, is justified in using the force necessary to prevent an escape and to defend himself or others from injury, and for this purpose, he may tie the party or imprison him until the heat of his passion is over. 1 Chit. Cr. Law 34, 2 Hale P. C., 76–77 ; *State* v. *Stalcup*, 2 Ire., 50 ; *State* v. *Bryant*, 65 N. C., 327.

But if there is no attempt to escape and no forcible resistance, it is an excess of authority and a criminal offence, which may well be called an outrage, in the officer to inflict any blow or other violence upon his prisoner. The prisoner

is justified in using any force, not excessive, in defending himself from such an unauthorized assault.

We must understand the verdict as stating that the violent "shove" which the defendant in this case gave the officer, was in defence against the officer with the stick, and in that case it was justified.

We concur with the Judge that upon the facts found, the defendant was entitled to a judgment of acquittal and to his discharge.

There is no error except in omitting to enter a judgment of acquittal. Let this opinion be certified in order that it may be proceeded in according to law.

PER CURIAM.                    Judgment accordingly.