### STATE v. BOB BEAL.

(Filed 22 December, 1915.)

**1. Appeal and Error—Assault—Deadly Weapon—Question of Law—Harmless Error—Criminal Law.**

As to whether a weapon used in making an assault is *per se* a deadly weapon may depend upon its size and character, the manner of its use, the size and strength of the person using it, and the person upon whom it is used; and the trial judge in this case, wherein a rock the size of a man's fist was used, having submitted the question to the determination of the jury, under correct instructions, any error he may have committed in not holding the rock to be a deadly weapon as a matter of law is cured by an affirmative finding of the jury.

**2. Assaults—Arrests—Warrants—Officers—Criminal Law.**

An officer of the law authorized to make arrests for its violation is not required to show his warrant for the arrest if he is known as such to the person being arrested by him.

**3. Arrest—Resisting Officer—Assault—Justification—Criminal Law.**

An officer having a warrant for the arrest of an alleged offender was temporarily without his warrant when the arrest was made, and the offender, without requiring that the warrant be shown him, went along peaceably and without resistance; but his brother, running up, demanded that the warrant be shown, and this not being done, he struck the officer with a rock the size of his fist and knocked him down. *Held*, the brother in thus making the assault acted without legal excuse or justification.

**4. Courts—Expression of Opinion—Statutes—Appeal and Error.**

Where the prisoner is indicted for an assault upon an officer, and it appears that the assault was made while the officer was arresting another person, it is reversible error for the trial judge to charge the jury that the defendant would have been guilty of resisting an officer in the discharge of his duties had the indictment so charged, when the evidence is conflicting, for such is an intimation of opinion by the judge prohibited by our statute.

CRIMINAL ACTION for assault with a deadly weapon, to wit, with a rock weighing 3 pounds, tried before *Cline, J.,* and a jury at April Term, 1915, of MACON.

The defendant was indicted for an assault with a deadly weapon, to wit, a rock weighing about 3 pounds. The evidence tends to show that a warrant had been issued and delivered to an officer for the arrest of Harworth Beal, a brother of the defendant; that on the night of the alleged assault the officer saw the party for whom he had the warrant in a tent of some kind in the town of Highlands. The officer had carried the warrant with him for the purpose of making the arrest, but at that time he did not have it with him, having left it in his home, about a half-mile away. Under these circumstances he arrested Harworth Beal, who made no resistance of any kind, but went quietly with the officer. The defendant followed, and when the officer, with his prisoner, had gone about 100 yards, the defendant asked the officer to show his warrant, and, upon his failure to do so, the defendant immediately struck the officer with the rock, as large as the officer's first, on the head and knocked him down, and "addled" him.

Defendant was convicted of an assault with a deadly weapon, and from the judgment he appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*J. Frank Ray for defendant.*

WALKER, J., after stating the case: The defendant assigned three errors. The court failed to instruct the jury, as requested, that the defendant had the right to interfere and demand the production of the warrant, and, this being refused, to knock the officer down with the rock in order to rescue his brother; but in this we see no error, if the jury find the facts to be as the witness stated them. *Justice Hoke* said in *S. v. Hill,* 141 N. C., 769, 771: "It is true, as a general rule, or under

ordinary conditions, that the law does not justify or excuse the use of a deadly weapon to repel a simple assault. This principle does not apply, however, where from the testimony it may be inferred that the use of such weapon was or appeared to be reasonably necessary to save the person assaulted from great bodily harm, such person having been in no default in bringing on or unlawfully entering into the difficulty," citing *S. v. Matthews,* 78 N. C., 523.

Whether a weapon is deadly does not depend so much upon the result of its use, which may be considered, as upon its size and character, the manner of its use, the size and strength of the person using it, and the person upon whom it is used, and, perhaps, other circumstances tending to throw light upon the question, all of which must be regarded by the court in determining whether or no the particular weapon is deadly. There are some instruments which are deadly *per se,* such as a gun, pistol, large knife, bar of iron, a club or bludgeon. A heavy oaken staff has been declared to be so. *S. v. Phillips,* 104 N. C., 786; *S. v. Sinclair,* 120 N. C., 603. The character of the weapon, as being deadly or not, does not necessarily depend upon the fact whether or no death actually ensues from its use in the particular case; for a weapon known to be deadly, and so considered by the law, may not produce that result when used in a given case, while one not deadly *per se* may cause death by the manner of its use. So that all the facts and circumstances should be examined by the court in passing upon the question.

*Justice Avery,* in *S. v. Phillips, supra,* when quoting from *S. v. Porter,* 101 N. C., 713, said: "The instrument, while called a deadly weapon, is designated simply as a stick, with no description of its size, weight, or other qualities, or proportions, from which it can be seen to be a dangerous or deadly implement, calculated, in its use, to put in peril his life or inflict great physical injury upon the assailed." He quotes from *Judge Ruffin* in *S. v. West,* 51 N. C., 505: "Whether an instrument or weapon be a deadly one *is,* at least generally speaking, for the decision of the court, because it is a matter of reason that it is or not likely to do great bodily harm which determines its character in this respect. *S. v. Crater,* 28 N. C., 164."

A deadly weapon is defined to be one which, if not of the class mentioned as so *per se,* would likely cause death or great bodily harm, considering the manner and circumstances of its use. In the case last cited it is said, at p. 605: "As to whether an instrument used in an assault and battery is a deadly weapon or not is generally a question of law. *S. v. Huntley,* 91 N. C., 617; *S. v. West,* 51 N. C., 505; *S. v. Craton,* 28 N. C., 164; *S. v. Collins,* 30 N. C., 407. This question has been submitted to the jury, in a few cases, where the matter was left in doubt by conflicting evidence as to the size of the weapon used and the manner in which it was used, and such submissions to the jury have

been approved by this Court." But we need not decide as to whether or no this rock was *per se* deadly, as the court submitted the question to the jury and they found that it was, under an instruction directing them to consider the matter of its use and the other circumstances attending the assault with it and relevant to the question, as was suggested should be done in *S. v. Archbell,* 139 N. C., 537. "Where the deadly character of the weapon is to be determined by the relative size and condition of the parties and the manner in which it is used," the question is for the jury. *S. v. Archbell, supra,* citing *S. v. Huntley,* 91 N. C., 621. See, also, *S. v. Norwood,* 115 N. C., 780.

If it is a deadly weapon *per se,* and the court failed so to instruct the jury, the latter corrected the error by the verdict. If its character as being deadly or not depended upon the facts and circumstances, it became a question for the jury with proper instructions from the court. The officer was not bound to show his warrant, if he had one, when he made the arrest, if he was known to be an officer. *S. v. Curtis,* 2 N. C., 471; *S. v. Garrett,* 60 N. C., 144; *S. v. Belk,* 76 N. C., 10; *S. v. Dula,* 100 N. C., 117. The law is thus stated in the *Belk case:* "It is true that if a person lawfully arrested resists with violence to the officer, he is guilty of an assault, if he knows or is notified that the officer is one. *S. v. Kirby,* 24 N. C., 201; *S. v. Bryant,* 65 N. C., 327. But if the officer has no authority to make the arrest, or, having the authority, is not known to be an officer, and does not in some way notify the party that he is an officer and has authority, the party arrested may lawfully resist the arrest as if it were made by a private person. 1 East P. C., pp. 309, 312, 314; *S. v. Kirby* and *S. v. Bryant, ante.*" And the same principle, somewhat differently worded, was thus stated in the *Dula case:* "If the officer be a known officer of the district in which he is acting he need not show his warrant when he makes the arrest; but if he is an officer appointed for a special purpose he ought to show his warrant, if demanded. In *S. v. Garrett,* 60 N. C., 144, it is said that one who is not a known officer ought to show his warrant, and read it, if required; but even when required, as was done in that case, he is not made a trespasser *ab initio* if the party to be arrested knew he had the warrant."

In this case it appears that Harworth Beal made no resistance when he was arrested, and did not demand the production of the warrant or the authority of the officer to take him into custody, but went with the officer quietly and peaceably, and without the slightest protest, if the jury find these to be the facts from the evidence. Under these circumstances we think that the interference of the defendant and the assault on the officer were without legal excuse or justification. He had no right to demand a warrant, and there was no reason why he should have assaulted the officer with such violence. There was nothing in the situation of his brother that called for such action on his part. The officer had a war-

rant for him, he submitted unresistingly to the arrest and never demanded that the officer show his warrant or other authority. The officer, being known as such, was therefore not violating the law, and defendant's attack upon him was unlawful. But, what we have said is all based upon the assumption of a finding by the jury according to the evidence as now presented.

We must not be understood as justifying this or any other officer in arresting without warrant, except where allowed by law. An officer should obey the law as well as other persons, and, when he does so, the law will protect him while in the execution of its process.

This covers two of the assignments.

But we must grant a new trial because the court told the jury that, in his view, if the solicitor had seen proper to charge defendant with resisting an officer in the performance of his duty he would have been guilty. This was an expression of opinion upon the facts, in other words, that the witness had told the truth about the matter, and upon his testimony defendant would be guilty of resisting an officer. He could not be guilty of that crime unless the witness had testified truthfully. The judge may have meant that if the jury should find the facts to be as they were stated by the witness, defendant would have been guilty of resisting the officer, and this would not have been any intimation of opinion upon the weight of the evidence; but that is not what was said, and the remark of the court was calculated to impress the jury with the belief that in the opinion of the court the fact that he had resisted the officer by assaulting him had been fully proved, and all that was in the way of a conviction therefor was a proper indictment. We are sure that the learned and careful judge did not intend to convey any such meaning by his language, and that it was merely an inadvertence; but the harm was done, though innocently, and without regard to the intention. This must result in a new trial. S. v. Dick, 60 N. C., 440; Withers v. Lane, 144 N. C., 184. We cannot tell to what extent the defendant was prejudiced by this remark, or his rights before the jury impaired. It is the mandate of the statute that there should be no intimation of opinion by the judge, whether consciously or not, and as said in S. v. Dick, supra, "the law has spoken, and we have only to obey," even though, in this case, we are thoroughly convinced that it was an inadvertence on the part of the learned, just, and impartial judge, caused by his own impression of the evidence, which may have been fully warranted.

There is also an error in regard to the doctrine of reasonable doubt, the opening sentence of the charge confining it, by implication, to the single question whether defendant used a deadly weapon. The new trial, though, is given upon the other ground.

New trial.