### STATE v. SOL SPARKS.

(Filed 6 December, 1922.)

**1. Instructions—Expression of Court's Opinion—Statutes—Appeal and Error—Intoxicating Liquors—Spirituous Liquors.**

Where the defendant, on trial for violating our prohibition laws, has not admitted his guilt, and the trial judge, in his charge to the jury, has assumed that he was guilty upon the evidence of a State's witness, it is an expression by the judge of his opinion whether a fact has been fully or sufficiently proven, and constitutes reversible error.   C. S., 564.

**2. Same.**

Where the verdict of the jury has acquitted the defendant indicted for violating our prohibition laws under the count charging an unlawful sale of intoxicating liquors, but has convicted him of having the unlawful possession of the liquor for the purpose of sale, an expression of his opinion by the trial judge upon the evidence that the defendant had made the unlawful sale, applies also to the count charging that he had the unlawful possession for the purposes of sale, and constitutes reversible error.

APPEAL by defendant from *Bryson, J.,* at February Term, 1922, of YADKIN.

Criminal action. The defendant was convicted of a violation of the prohibition law.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Williams & Reavis for defendant.*

ADAMS, J. The indictment contains five counts, three of which, in view of the verdict, we need not consider. In the first count the defendant is charged with the unlawful sale of spirituous liquor, and in the second, with having such liquor in his possession for the purpose of sale. The jury acquitted him on the first count and convicted him on the second. In charging the jury, after stating certain contentions arising upon the evidence, his Honor said, "We know that the sale of whiskey was made and was proved by witness who made the purchase, and who identifies the defendant as being the person who committed such act," to which instruction the defendant excepted.

On behalf of the prosecution it is insisted that this language was intended only as a recital of one of the State's contentions, and it is altogether possible that it was so understood; but the record presents it as an independent and detached statement which the jury may reasonably have construed as a conclusion of the court, and not as a mere circumstance on which the State relied for conviction.

Section 564 of the Consolidated Statutes is as follows: "No judge, in giving a charge to the petit jury, either in a civil or a criminal action, shall give an opinion whether a fact is fully or·sufficiently proven, that being the true office and province of the jury; but he shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon."

In *S. v. Horner*, 174 N. C., 792, the defendant, who was charged with the unlawful manufacture of spirituous liquor, did not testify in his own behalf, and the trial judge inadvertently gave this instruction to the jury: "He said himself that he was there for the purpose of hauling it off to assist somebody who had put that beer there. He stated that himself, and he stated that he got into bad luck, or something like that, for undertaking to do that thing." In discussing the defendant's exception, *Walker, J.,* said: "The defendant did not testify in his own behalf, and his Honor manifestly was referring here to what the State's witnesses had testified that the defendant told them at the still at the time of his arrest; but whether he had made those statements to the officers was a question of fact for the jury to decide, depending upon the credibility of the State's witnesses, and the court was deciding that he did make the statements when it charged the jury that 'he said himself

that he was there for the purpose of hauling it off,' etc., and this the court could not do, as the jury must pass upon the credibility of the witnesses and find the facts. *S. v. Davis,* 136 N. C., 568; *S. v. Cook,* 162 N. C., 586. The court, therefore, inadvertently, of course, expressed its opinion upon the weight of the testimony. The credibility of the witnesses always is a question for the jury."

According to the record in this case, his Honor told the jury, in effect, that the defendant had sold whiskey in violation of law. Certainly this was such an expression of opinion as the statute forbids. It is true the defendant was not convicted of the unlawful sale, but if in fact he made such sale the conclusion that he had the whiskey in his possession for the purpose of sale, as charged in the second count, was well nigh unavoidable. For the error indicated there must be a new trial. In addition to the cases cited under C. S., 564, we refer to *Morris v. Kramer,* 182 N. C., 87, and *Greene v. Newsom, ante,* 77.

We take occasion to suggest that care be exercised by the counsel on each side in the preparation of cases on appeal to this Court, especially when, as in this instance, the trial judge has no opportunity to review or to correct the transcript.

New trial.