STATE v. BRANT SULLIVAN, CLARENCE SULLIVAN, BRITT
SULLIVAN AND WARDEN MERCER.

(Filed 18 May, 1927.)

**Instructions—Intimation of Opinion—Improper Remarks—Jury—Appeal
and Error—Prejudice—Statutes.**

C. S., 564, prohibiting an expression of opinion by the trial judge upon
the weight and credibility of the evidence, applies to such expressions
made in the hearing of the jury, and *it is held* reversible error for him,
in a criminal action, to direct a judgment of nonsuit in the presence of
the jury, as to one of several defendants upon trial of them all for kid-
napping, upon the ground that upon the evidence he did not participate in
the offense charged against them all in the indictment, when the judge's
remarks intimated that the appealing defendants had committed the
offense.

APPEAL by defendants from *Sinclair, J.,* and a jury, at January Term,
1927, of LENOIR.   New trial.

*Attorney-General Brummitt and Assistant Attorney-General Nash for
the State.*

*Shaw & Jones for defendants.*

CLARKSON, J.   Brant Sullivan, Clarence Sullivan, Britt Sullivan, and
Warden Mercer were indicted for kidnapping.   In *S. v. Harrison,* 145
N. C., at p. 417, the following instruction of the court below was upheld:
"By kidnapping is meant the taking and carrying away of a person,
forcibly or fraudulently."   All were found guilty except Britt Sullivan.
On the trial all the defendants plead "Not guilty."   During the trial the
defendants Warden Mercer, Brant (Bryant) Sullivan, and Clarence
Sullivan, testified in their own behalf, and denied their guilt.

At the close of defendants' evidence, the State, in *rebuttal,* called
Britt Sullivan, one of the defendants, who did not take the stand as a
witness in his own defense, but had plead "Not guilty," who testified to
facts in corroboration of the State's contention. . The record sets forth
the following: "The court (in the presence of the jury) : As to Britt
Sullivan, the court is of the opinion that the evidence indicates that he
went there not knowing what was going to be done—and if his evidence
is to be believed, that he did not coöperate with them in any respect,
but endeavored to get them to desist—the court is going to direct a
verdict of not guilty as to Britt Sullivan.   Defendants, in apt time,
objected and excepted to the foregoing statement in the presence of the
jury."

C. S., 564, is as follows:   "No judge, in giving a charge to the petit
jury, either in a civil or a criminal action, shall give an opinion whether
a fact is fully or sufficiently proven, that being the true office and prov-

ince of the jury; but he shall state in a plain and correct manner the evidence given in the case, and declare and explain the law arising thereon."

This statute has been in force since 1796.

It is argued by the State that the court below, in dealing with Britt Sullivan's testimony, qualified his statement by saying, "If his evidence is to be believed." The vice complained of was that the other defendants were on trial, and in the presence and hearing of the jury the court below accepted the credibility of the witness for the State, Britt Sullivan's version, and directed a verdict of not guilty as to him. This clearly indicated to the jury the opinion that the court below believed Britt Sullivan did not coöperate with the other defendants, but endeavored to get them to desist; therefore, the jury should believe his testimony, and convict the others. At least, it was corroborative of the State's witness, and especially forceful as coming from the camp of the other side. The expression of the court below is also susceptible of the construction that the others coöperated. Then the action of the court below spoke louder than the words—the court below directed a verdict of not guilty as to Britt Sullivan. This the court had no right to do, unless Britt Sullivan was in no way a *particeps criminis,* the court below gave credence to his testimony and directed a verdict in his favor. The able and learned judge no doubt did not at the time realize the prejudicial effect this would have against the other defendants. We know the great burdens on the courts below, and wonder at their ability to make so few errors in administering justice. After considering the matter thoroughly, we must hold it prejudicial error. The distinct separation must be observed; the courts to interpret the law, the jury to ascertain the facts. There is an impenetrable wall between the two. In matters of such moment, it would be advisable to have the jury retire.

In *S. v. Cook,* 162 N. C., at p. 588, it is said: "While the statute refers in terms to the charge, it has always been the accepted construction that it applies to any such expression of opinion by the judge in the hearing of the jury at any time during the trial."

In *Bank v. McArthur,* 168 N. C., at p. 52, it is said: "There must be no indication of the judge's opinion upon the facts, to the hurt of either party, either directly or indirectly by *words or conduct.* The judges should be punctilious to avoid it, and to. obey the statutory injunction strictly." (Italics ours.)

We give some of the authorities holding that the court below impinged the statute:

In *McRae v. Lawrence,* 75 N. C., p. 289, "That both the witnesses were gentlemen, and that it was a pure matter of memory. That it was the duty of the defendant to make out the fact of payment," held to be error.

In *Marcom v. Adams,* 122 N. C., p. 222, a remark of the judge to defendant's counsel, "The plaintiff seems to have put you in a hole. I would be glad to help you, if I could," was objectionable.

In *S. v. Davis,* 136 N. C., p. 568: An expression by a trial judge that a witness had fully explained for an hour to the jury, and to the satisfaction of the court, certain facts, is erroneous.

In *Chance v. Ice Co.,* 166 N. C., p.·495, this Court held as error the remark of the presiding judge, "That part of the answer is stricken out, this witness is too smart."

In *Bank v. McArthur,* 168 N. C., p. 48: Remarks made by the judge, in the course of a trial involving the genuineness of signature of the endorsers of a note, in regard to plaintiff's calling upon the principal, who had not been introduced to testify, "asking the plaintiff's counsel why they did not call J. Sprunt Newton" is reversible error.

In *S. v. Rogers,* 173 N. C., p. 755, it is held: "A remark to a defendant by the trial judge, when testifying in his own behalf under indictment for cruelty to animals, to answer the questions asked him concisely, 'and not be dodging,' is an expression of opinion on the credibility of the evidence, forbidden by the statute, and constitutes reversible error, though the judge withdraws the remark and endeavors to eradicate the impression made by it."

*Morris v. Kramer,* 182 N. C., p. 87: In an action to recover damages for personal injury, where a release from liability is set up and relied upon, with evidence to support it, it is reversible error for the judge, during the trial and in the presence and hearing of the jury, to stop the testimony of the defendant's witness, a nonresident attorney who had procured the release, and question him upon the professional ethics involved and the standard, in his own State, of such conduct; which reflected on the witness, and no effort being made on his part to remove, by his instruction or admonitions to the jury, the prejudice thus necessarily occasioned can have that effect, and a new trial before another jury will be ordered on appeal.

*Greene v. Newsome,* 184 N. C., p. 78: The action was prosecuted for the purpose of canceling a deed for certain property, alleged to have been executed by the defendant J. C. Newsome in fraud of his creditors. The record shows that during the cross-examination of a witness for the plaintiff the following incident occurred: "By the court: Do you know where J. C. Newsome and Tom Newsome are, and also why they are not here in court to defend this action, as they should be? Their absence is a circumstance that a fraud has been committed. A. I haven't seen either J. C. Newsome or Tom here today." This was held to be error.

In *S. v. Bryant,* 189 N. C., at p. 115, a new trial was granted—the presiding judge used the expression, "This witness has the weakest·voice

or the shortest memory of any witness I ever saw." *S. v. Dick,* 60 N. C., p. 440; *Withers v. Lane,* 144 N. C., 184; *S. v. Beal,* 170 N. C., 764; *S. v. Horner,* 174 N. C., 788; *S. v. Windley,* 178 N. C., 670; *S. v. Sparks,* 184 N. C., 745.

"The power of the court to withdraw incompetent evidence, and to instruct the jury not to consider it, has long been recognized in this State." *S. v. Stewart,* 189 N. C., at p. 344.

For the reason given, there must be a

New trial.