STATE v. ELIZABETH SHAFT.

(Filed 20 May, 1914.)

1. Criminal Law — Abortion—Trials—Evidence—Harmless Error—Interpretation of Statutes.

Upon trial of a defendant for unlawfully, etc., administering a certain "noxious drug" to a pregnant woman with the intent to produce a miscarriage, against the provisions of Revisal, secs. 3618 and 1619, testimony as to sexual intercourse is immaterial, and its admission harmless error.

2. Criminal Law — Abortion — Expert Evidence—Effect of Drug—Trials—Evidence—Interpretation of Statutes.

Where the defendant is being tried for an intent to produce an abortion upon a pregnant woman, contrary to Revisal, secs. 3618 and 3619, and there is evidence that a capsule given contained a certain drug, it is competent for experts to testify as to the effect of such in producing a miscarriage.

3. Criminal Law—Accomplice—Trials—Evidence—Abortion—Interpretation of Statutes.

 While the judge should caution the jury as to the weight to be given the testimony of an accomplice to the crime upon which the defendant is being tried, a conviction may be had upon the unsupported testimony of the accomplice; but it is held that the victim of the defendant in the latter's effort to produce a miscarriage upon her, contrary to Revisal, secs. 3618 and 3619, is not an accomplice in the crime, in a legal sense, whether she consented thereto or not.

4. Criminal Law—Abortion—Intent—Interpretation of Statutes.

 It is the intent with which a noxious drug is administered, and the purpose to produce an abortion, that is made indictable under our statutes, Revisal, secs. 3618 and 3619; and it is not necessary for the State to show that administering the drug named would have had the desired effect.

5. Criminal Law—Judgments—Cruel and Unusual Punishments—Constitutional Law.

 The defendant was indicted, tried, and convicted of administering to a pregnant woman a noxious drug for the purpose of producing an abortion, contrary to Revisal, secs. 3618 and 3619. *Held*, a sentence to the State Prison for three years and the payment of $1,000 as a fine is not objectionable as cruel and unusual punishment.

APPEAL by defendant from *Carter, J.,* at November Term, 1913, of BUNCOMBE.

 This is an indictment for a violation of sections 3618 and 3619, Revisal.

 The bill of indictment charged that the defendant "did unlawfully and willfully and feloniously advise and procure a certain woman, called Annie Kraft, to take a certain noxious drug, the name of which is to the grand jurors unknown, with intent thereby to procure the miscarriage of her, the said Annie Kraft, she being at the time pregnant."

 From the judgment sentencing the defendant to imprisonment in the State's Prison for three years, and to pay a fine of $1,000, she appealed.

 *Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
 *R. S. McCall and Mark W. Brown for defendant.*

BROWN, J. The first and second assignments of error relate to the admission of testimony tending to prove sexual intercourse upon the part of the girl, Annie Kraft. This testimony was wholly immaterial, and certainly harmless as to the defendant.

There was no dispute as to the pregnancy of the girl, and the only question to be determined was whether or not the defendant had administered to her medicine for the purpose of procuring an abortion.

Exceptions 3, 4, 5, and 6 relate to the competency of certain witnesses to testify as experts, and to their qualifications as such. A previous witness had testified that the capsule offered in evidence, and some of which had been administered to the girl, contained aloes, and these witnesses as experts were permitted to testify as to the effect of this drug upon pregnancy, when administered in large doses.

We see no objection to the competency of this evidence.

Exceptions 7, 9, and 11 were taken to the sufficiency of the evidence to go to the jury, and seem to rest upon two grounds:

First. It seems to be contended by the defendant that a conviction cannot be had in such cases on the uncorroborated testimony of the woman, as she is said to be an accomplice in the alleged offense.

Assuming that the girl, Kraft, was an accomplice, the testimony of an accomplice is competent in this State, and a person may be convicted upon the unsupported testimony of an accomplice, though the jury should be cautious in so doing. While Annie Kraft may be, in one sense, an accomplice of the defendant, it is only in a moral and not in a legal sense.

In a note to 12 A. and E. Annotated Cases, p. 1009, there is a full discussion of the cases showing that the victim of an abortion or attempted abortion, whether or not she consents thereto, is not in law an accomplice in the commission of the offense nor within the meaning of the statute providing that there shall be no conviction of a person upon the uncorroborated testimony of an accomplice.

Second. A further contention of the defendant under these exceptions seems to be that the testimony does not show that the defendant advised and procured the prosecuting witness to take or did not administer to her a noxious drug.

There is abundant evidence that the defendant, at the solicitation of Annie Kraft, gave her the capsules containing aloes for the purpose of producing a miscarriage. While there is evidence that the drug furnished her would produce such an effect when administered in very large doses, yet it is not necessary that the State should prove that aloes are a noxious drug and capable of producing the intended effect.

The language of the statutes of the different States describing this offense varies, but they nearly all provide that whoever, with the intent to produce a miscarriage of any pregnant woman, unlawfully administers, or causes to be given to her, any drug of noxious substance whatever, with such intent, shall be guilty of the offense.

Under this statute it has been generally held that the offense may be committed by administering any substance with intent to produce an abortion, whether such substance be noxious or not, and whether it be capable of producing the intended effect or not.

There is a full discussion of this subject in the notes to *Abrams v. Foshee,* 66 Am. Dec., p. 82, where all of the authorities are collated.

The defendant excepts to the judgment of the court on the ground that it imposes a cruel and an unusual punishment, and relies upon the case of *S. v. Lee, ante,* 250. That case is no authority in support of the defendant's contention. The statute in this case limits the punishment to not less than one year nor more than ten years, and a fine in the discretion of the court. The sentence in this case is within the limitation prescribed by law.

Upon a review of the whole record, we find

No error.