## STATE v. MRS. OLA CLARK.

(Filed 7 March, 1945.)

**1. Homicide §§ 6b, 27d—**

In a criminal prosecution for murder, the plea being self-defense and the solicitor asking for a verdict of murder in the second degree or manslaughter, a charge that, deceased having been admittedly shot by defendant with a deadly weapon, a pistol, if the State satisfies you, by all the evidence beyond a reasonable doubt, that deceased died as a result of said shot and that the killing was intentional, that is, willfully done on purpose, without regard to whether it was done rightfully or wrongfully, malice is presumed, and if nothing else appears murder in the second degree is constituted and it would be your duty to return a verdict of murder in the second degree, there is reversible error.

**2. Homicide § 6b—**

If a killing was rightfully done there would be no presumption of malice. A killing could not be unlawfully done and at the same time rightfully done, the terms being contradictory, and in order to constitute either murder in the second degree or manslaughter, the killing must be unlawful.

APPEAL by defendant from *Thompson, J.,* at October Term, 1944, of VANCE.

The evidence tends to show that the defendant, Mrs. Ola Clark, shot and killed the deceased, Will Thomas Tharrington. The defendant did not controvert the fact that she shot the deceased, but contended that she shot him in her home in her own proper self-defense. The solicitor announced that he would not ask for a verdict of guilty of murder in the first degree, but would ask for a verdict of guilty of murder in the second degree or of manslaughter as the evidence warranted. The jury returned a verdict of guilty of manslaughter. From judgment of imprisonment predicated upon the verdict the defendant appealed to the Supreme Court, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*

*Gholson & Gholson and Yarborough & Bolmer for defendant, appellant.*

SCHENCK, J. The defendant makes the following excerpts from his Honor's charge the bases of exceptive assignments of error: "Two ingredients are necessary to constitute a homicide murder in the second degree: (1) That the defendant intentionally, that is, willfully killed the deceased; that is, that she killed the deceased on purpose, without regard

to whether it was done rightfully or wrongfully; (2) that she killed him with malice," and that "the defendant in this case admitted that she shot the deceased with a pistol, which I charge you is a deadly weapon, and if the State has satisfied you from all the evidence beyond a reasonable doubt that the deceased died as a result of said shot, and has further satisfied you from the evidence beyond a reasonable doubt that the killing was intentional, that is, that it was willfully done, done on purpose, without regard to whether it was done rightfully or wrongfully, malice is presumed, and if nothing else appears murder in the second degree is constituted, and it would be your duty to return against the defendant a verdict of guilty of murder in the second degree." We are constrained to hold that the foregoing charge upon the offense of second degree murder was error, in that if the killing was rightfully done there would be no presumption of malice, the killing could not have been unlawfully done and at the same time have been rightfully done, the two terms unlawfully done and rightfully done are contradictory, and in order to constitute either murder in the second degree or manslaughter the killing must be unlawfully done. While the assailed portions of the charge relate to the offense of second degree murder and the defendant was convicted of only manslaughter, still the court charged the jury in effect that manslaughter was murder in the second degree minus the elements of malice. Hence the error in the charge upon the offense of second degree murder was germane to the charge upon the offense of manslaughter, of which the defendant was convicted. For the error the defendant is entitled to a new trial, and it is so ordered.

New trial.