## STATE v. CLARENCE FRANKLIN.

(Filed 13 October, 1948.)

**1. Homicide § 27b—**

A charge that where an intentional killing is admitted or established the law presumes that it was unlawful and that it was done with malice, will not be held for prejudicial error in failing to stipulate that the presumption arises only where the killing is of a human being with a deadly weapon, when all the evidence establishes that deceased was killed with a deadly weapon by defendant, and the only question arising on defendant's evidence is whether the gun was intentionally or accidentally fired.

**2. Homicide § 27f—**

The failure of the charge to include a threatened assault as well as an actual one as sufficient legal provocation to reduce murder in the second degree to manslaughter will not be held for prejudicial error when defendant's testimony is to the effect that an actual assault was being made upon him at the time, which the jury found was sufficient provocation to reduce the charge of murder in the second degree to manslaughter.

**3. Same—**

A charge that if the accused killed the deceased in the heat of passion caused by the assault and not from premeditation and deliberation, and not from malice, accused would not be guilty of more than manslaughter and would not be guilty of murder in the second degree, will not be held for prejudicial error as denying the defendant his right of self-defense when immediately following such charge the court gives proper and comprehensive instructions on defendant's plea of self-defense.

**4. Criminal Law § 81c (2)—**

The charge of the court will be considered contextually, and an exception to the charge will not be sustained when the charge, so construed, is in substantial compliance with law.

APPEAL by defendant from *Moore, J.,* at March-April Term, 1948, of MITCHELL.

Criminal action tried upon indictment charging the defendant with the felonious slaying of one Christine Franklin.

The State's evidence tends to show that on 14 June, 1947, the defendant, a first cousin of the deceased, got into a quarrel with some of the members of his uncle's family. The father of the deceased, Deck Franklin, and the father of the defendant are brothers and live about 100 yards

apart. Louis Franklin and the defendant had been to Grindstaff's store to get provisions on the day of the fatal shooting, and while on the trip each drank some beer. Thereafter the defendant tried to get Louis Franklin to go with him to get some more beer. Several members of Deck Franklin's family protested. Louis Franklin's sister, Cora, went to the home of defendant for the purpose of persuading him not to take her brother to get any more beer. When Cora Franklin got part of the way up the steps of defendant's home, the defendant struck her with a chair and knocked her down the steps. Deck Franklin and his family saw the defendant strike Cora and all of them went to the road. The defendant got his shotgun and a bag of shells, loaded the gun, rested the barrel on the bannister and fired, killing the deceased. He afterwards told the Sheriff of Mitchell County that he was shooting at Deck Franklin and not at Christine, who was only 13 years of age.

The defendant testified that before he got his gun, Deck Franklin, his wife, Sibyl, and two of his children, Eva and Louis, were approaching his home, "swearing they would kill him when they got there"; that when he got his gun and returned to the front porch Louis was coming up the steps and grabbed hold of the gun and Sibyl got hold of him before the gun fired; that he was not trying to shoot anybody. "Louis was trying to take the gun away from me. Sibyl was behind me. She jerked me backwards, and when she jerked me backwards and Louis grabbed the gun, we knocked it over some way and it fired. . . . At the time the gun fired I did not have it pointed at anybody and was not trying to shoot anybody. . . . Sibyl choked me. She dragged me back beside my bed. . . . Three persons had hold of me or the gun at the time it went off."

Verdict: Guilty of manslaughter. Judgment: Imprisonment in the State's Prison at hard labor for not less than seven nor more than ten years.

The defendant appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Proctor & Dameron, Charles Hutchins, and W. C. Berry for defendant.*

DENNY, J. The defendant presents for review eight assignments of error based on exceptions to his Honor's charge. The first of these is directed to the following: "As I have charged you heretofore, where an intentional killing is admitted by the defendant or is established by the State beyond a reasonable doubt, the law presumes that it was unlawful and that it was done with malice, and nothing else appearing, the defend-

ant would be guilty of murder in the second degree, or manslaughter, as the jury may find the facts to be."

The defendant insists that the presumption of malice does not arise from an intentional killing, but only from the intentional killing of a human being with a deadly weapon, citing *S. v. Clark,* 225 N. C., 52, 33 S. E. (2d), 245; *S. v. Bright,* 215 N. C., 537, 2 S. E. (2d), 541; *S. v. Hawkins,* 214 N. C., 326, 199 S. E., 284, and he further contends this instruction is erroneous because it is tantamount to saying "any intentional killing is unlawful." We concede that this instruction, if standing alone, would be objectionable. We think, however, the exception is untenable, because in his charge immediately preceding the portion excepted to, the trial judge said: "Where it is admitted or established by the evidence beyond a reasonable doubt that the defendant intentionally killed the deceased with a deadly weapon, the law raises two presumptions against the defendant, first, that the killing was unlawful, and, second, that it was done with malice, and an unlawful killing with malice is murder in the second degree."

The evidence of the State and of the defendant clearly establishes the fact that the deceased was killed with a deadly weapon by the defendant, but he contends it was accidental, that he did not intend to shoot anyone. Therefore, the question for the jury to decide was whether the gun was intentionally or accidentally fired. We hold that on the facts disclosed on this record, the instruction was not prejudicial, when considered in connection with the preceding instruction.

In charging the jury on the sufficiency of legal provocation to reduce murder in the second degree to manslaughter, his Honor said: "The legal provocation that will reduce murder in the second degree to manslaughter must be more than mere words, as language, however abusive, neither excuses nor mitigates the killing, and the law does not recognize circumstances as legal provocation which in themselves do not amount to an assault. If, however, the deceased person assaulted the one accused, that is if he laid his hands on him or choked him, or shot at him without cause, and the accused killed the deceased in the heat of passion caused by the assault, and not from premeditation and deliberation, and not from malice, he would not be guilty of more than manslaughter, he would not be guilty of murder in the second degree."

The defendant insists the above instruction is erroneous in two respects. In the first place, the statement "the law does not recognize circumstances as legal provocation which in themselves do not amount to an assault" is incorrect; and in the second place, it states in effect that if the defendant was being assaulted or shot at, at the time the fatal shot was fired, he would be guilty of manslaughter, thereby denying to him the right of self-defense.

It is contended by the defendant that a threatened assault as well as an actual one will be sufficient legal provocation to reduce murder in the second degree to manslaughter. *S. v. Hightower,* 226 N. C., 62, 36 S. E. (2d), 649; *S. v. Mosley,* 213 N. C., 304, 195 S. E., 830; *S. v. Terrell,* 212 N. C., 145, 193 S. E., 161.

Conceding the contention of the defendant, we do not see how he was hurt by the instruction. In *S. v. Lee,* 193 N. C., 321, 136 S. E., 877, where a similar charge resulted in a new trial, there was no evidence of an actual assault and the jury returned a verdict of murder in the second degree. But here the defendant testified that at the time the fatal shot was fired he was actually being assaulted by three members of the family of Deck Franklin; that Mrs. Franklin was choking him and the others had hold of the gun, while other members of the family were coming upon him, swearing they would kill him. In view of this testimony and the further fact that the jury found there was sufficient legal provocation to reduce the charge of murder in the second degree to manslaughter, makes the exception without merit.

The further contention that the above charge denied the defendant his right of self-defense, cannot be sustained. For immediately following the above portion of the charge, the court gave a proper and comprehensive charge on the defendant's plea of self-defense. He was given every consideration in this respect, to which he was entitled under the law.

It must be conceded, however, that these portions of the charge, as well as some others, to which the defendant excepted and assigns as error, would be objectionable unless the charge is considered contextually. But when it is so considered, as it must be, it is in substantial compliance with the law. *S. v. Hough,* 227 N. C., 596, 42 S. E. (2d), 659; *S. v. Davis,* 225 N. C., 117, 33 S. E. (2d), 623; *S. v. Smith,* 221 N. C., 400, 20 S. E. (2d), 360.

We have carefully examined the remaining assignments of error presented for our consideration, and none of them show error of sufficient merit to warrant a new trial.

No error.