## STATE v. ALBERT STRICKLAND.

(Filed 10 May, 1961.)

**1. Criminal Law § 154—**

An assignment of error must be based upon an exception duly taken in apt time and preserved as required by the Rules. Rules of Practice in the Supreme Court Nos. 19(3), 21.

**2. Criminal Law § 159—**

Exceptions not set out in appellant's brief, or in support of which no reason or argument is stated or authority cited, will be deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**3. Criminal Law § 151—**

Where the charge of the court is not in the record, it will be presumed that the court correctly charged the jury as to the law arising upon the evidence. G.S. 1-180.

**4. Criminal Law § 94—**

The interrogation by the court during the direct examination of the nine-year old prosecutrix as to whether she remembered whether defendant said anything when he hit her with a belt, made simply in the effort to persuade the child to answer a proper question asked by the solicitor, *is held* a question asked to obtain a proper understanding and clarification of the witness' testimony and did not constitute an expression of opinion by the court as to the weight and sufficiency of the evidence, or tend to prejudice defendant in the eyes of the jury under the attendant circumstances.

**5. Rape §§ 8, 10—**

In a prosecution for carnal knowledge of a female child under the age of 12 years, neither force nor lack of consent need be alleged or proven, and evidence in this case is held abundantly sufficient to take the case to the jury and to support the verdict of rape within the purview of G.S. 14-21.

APPEAL by defendant from *Carr, J.,* at January Criminal Term 1961 of WAKE.

Criminal prosecution upon a true bill of indictment found by grand jury of Wake County so to be, which stripped of unessential formalities, charges that Albert Strickland, the defendant, did, on the 24th day of December, 1960, unlawfully and feloniously carnally know a named female child under the age of twelve years, to-wit: 9 years of age, against the form of the statute in such case made and provided and against the peace and dignity of the State.

Upon due arraignment defendant pleaded not guilty.

Thereupon the court finding as a fact that the defendant is indicted upon a bill of indictment wherein he is charged with the capital offense of rape; and after due and diligent inquiry, the court finds as a fact

that the defendant is, by reason of poverty, unable to employ counsel to represent him in the trial of the case, and the Solicitor for the State having announced that the defendant would be tried for his life, and the court, finding as a fact that the defendant is entitled to representation by counsel, by order duly entered on 10 January 1961, appointed Earle R. Purser to represent the said defendant in the trial of this case.

And thereafter on Monday, 23 January 1961, at a Superior Court begun and held for the County of Wake duly organized and sitting,— a jury of twelve good and lawful persons was chosen from regular jury supplemented by a special venire, and sworn and impaneled to speak the truth of and concerning the premises in said bill of indictment so specified.

And upon the trial the narrative of all the testimony offered by the State is not controverted. Indeed, the details of the offense are too sordid to serve any useful purpose by spreading them upon the pages of the printed opinions. It is sufficient to say that the evidence shows that the prosecutrix, about nine years old, was at home on Christmas Eve day with her three younger sisters. A colored girl was staying with the children while their mother was making a trip to Zebulon to buy toys for Christmas. About five minutes after the colored girl left, the defendant, step-father of the nine-year old prosecutrix, came home and asked "Where is Mama?" On being told, the defendant looked into the rooms. Then he called the prosecutrix and carried her into the back room and gave her three or four licks with his belt. And then followed the sordid details of the completed act of the sexual intercourse and accompanying abuse,— inflicting upon the child serious internal injuries requiring surgical and hospital treatment for four or five days.

The testimony of the child was corroborated in whole or in part by her mother, officers of the law, and doctors. And one witness testified to a confession by defendant.

Defendant did not offer any testimony.

Verdict: After the charge of the court the jurors for their verdict said that the defendant, Albert Strickland, is guilty of rape as charged.

Judgment: The jury having made no recommendation for life imprisonment, the court, in compliance with the law in this State, pronounced upon defendant Albert Strickland death by the inhalation of lethal gas as provided by law.

To this judgment defendant excepts and appeals to the Supreme Court.

*Attorney General Bruton, Assistant Attorney General Harry W. McGalliard for the State.*

　*Earle R. Purser, Michael J. Rabil for defendant appellant.*

WINBORNE, C.J.　The defendant brings forward twelve assignments of error. However only one is supported by an exception and set out in his brief. The remaining eleven are deemed abandoned. Rule 28 of the Rules of Practice in the Supreme Court, 221 N.C. 544, at page 562.

An assignment of error must be based upon an exception duly taken, in apt time, during the trial and preserved as required by the Rules of this Court. Rules 19 (3) and 21. See 221 N.C. 544, *supra,* and *S. v. Moore,* 222 N.C. 356, 23 S.E. 2d 31.

Exceptions in the record not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned by him. Rule 28 of the said Rules of Practice in the Supreme Court. See also *S. v. Walls,* 211 N.C. 487, 191 S.E. 232; *S. v. Proctor,* 213 N.C. 221, 195 S.E. 816; *S. v. Hightower,* 226 N.C. 62, 36 S.E. 2d 649.

Furthermore, the charge of the court to the jury does not appear in the record. Therefore, it will be presumed that the court correctly charged the jury as to the law arising upon the evidence as required by G.S. 1-180. This Court has so held in numerous decisions when the charge does not appear in the record. *S. v. Harrison,* 239 N.C. 659, 80 S.E. 2d 481; *S. v. Phelps,* 242 N.C. 540, 89 S.E. 2d 132.

The sole question presented by the defendant in this case is whether or not the trial judge intimated an opinion to the jury, to the prejudice of the defendant as to the credibility of the prosecutrix and to the guilt of the defendant. The record shows the following transpired when the prosecutrix was testifying on direct examination: "I know Albert Strickland. I don't know if he is any kin to me. He is married to my mother. Last Christmas Eve day I was at home with my three sisters and 'Puddin'. I was there just before dinner that day with them. My mother was not at home at that time. She was gone to Zebulon to get some toys for Christmas. One of my sisters is five and one of them is just about two, and the other one is going into four. 'Puddin', a colored girl, was at home keeping us children. She was supposed to keep us but she left five minutes before Albert Strickland came in. I was sitting down holding my little baby sister in my arms when Albert Strickland came into the house. When he came into the home there, he asked me where was Mamma. I told him she was in Zebulon getting toys. When I told him my mother was in Zebulon, he looked in the rooms. I can't remember if Albert Strickland

looked under any of the beds in the rooms. Then he called me and carried me into the back room and he give me three or four licks with his belt."

"Question: (Solicitor) Did he tell you why he was whipping you? Answer: No.

"Question: (Solicitor) What did he say when he gave you the three or four licks? Answer: (No answer).

"The Court: Do you remember, Helen, whether he said anything when he hit you with the belt?" Exception #2.

"Answer: (No answer).

"Question: (Solicitor) Well, honey, after he hit you with the belt, what did he do then?"

Then the prosecutrix proceeded to testify as to the events immediately preceding the crime.

The appellant contends that the judge, by asking the question set out above, committed reversible error in that it tended to prejudice the defendant in the eyes of the jury and constituted an expression of opinion by the court as to the weight and sufficiency of the evidence. See G.S. 1-180 and numerous cases annotated thereunder. Considering the question in context and in the light of the circumstances in which it was asked, the conclusion is that the presiding judge did not intimate or express an opinion to the jury which prejudiced the defendant. It is well settled in this State that the trial judge can ask questions of a witness in order to obtain a proper understanding and clarification of the witness' testimony. *S. v. Humbles,* 241 N.C. 47, 84 S.E. 2d 264; *S. v. Stevens,* 244 N.C. 40, 92 S.E. 2d 409; *S. v. Furley,* 245 N.C. 219, 95 S.E. 2d 448.

Moreover, it is well to note that the judge was talking to a nine-year old child who was describing a sordid and horrible crime. The judge simply made an effort to persuade the child to answer a proper question asked by the solicitor.

Notwithstanding failure to preserve exceptions to the denial of motions for judgment as of nonsuit, this Court deems it expedient to say: The statute, G.S. 14-21, pertaining to the punishment for rape provides that "Every person who is convicted of ravishing and carnally knowing any female of the age of twelve years or more by force and against her will, or who is convicted of unlawfully and carnally knowing and abusing any female under the age of twelve years, shall suffer death: Provided, if the jury shall so recommend at the time of rendering its verdict in open court, the punishment shall be imprisonment for life in the State's prison, and the court shall so instruct the jury."

Under the first clause of this statute, relating to ravishing and carnally knowing of a female person who is of the age of twelve

years or more, the elements of force and lack of consent must be alleged and proven before a conviction can be had on which a death sentence may be imposed.

On the other hand, under the second clause of the statute relating to unlawfully and carnally knowing and abusing any female child under the age of twelve years, neither force nor lack of consent need be alleged or proven, and such child is by virtue of the statute presumed incapable of consenting. See *S. v. Johnson*, 226 N.C. 266, 37 S.E. 2d 678.

In the instant case the defendant is indicted under the second clause of G.S. 14-21, that is for unlawfully and carnally knowing and abusing a named female child under the age of twelve years. Hence neither force nor lack of consent need be alleged or proven. The child is by virtue of the statute presumed incapable of consenting. And the evidence offered is abundantly sufficient to take the case to the jury and to support the verdict of rape within the purview of the statute G.S. 14-21.

Indeed, careful consideration of the whole case on appeal and the record proper fails to show error. Hence the judgment will be, and is hereby affirmed— there being

No error.