STATE *v.* WYATT.

and that the eleven had not discussed the case with him or in his presence.

The verdict was "guilty as charged." The judge denied defendant's motion to set the verdict aside and imposed a prison sentence of two years. Defendant appealed.

*Attorney General T. W. Bruton, Deputy Attorney General Harrison Lewis, and Staff Attorney D. M. Jacobs for the State.*

*Royal G. Shannonhouse for defendant appellant.*

---

STATE OF NORTH CAROLINA v. ALLEN BRITT WYATT.

(Filed 11 October, 1967.)

**1. Criminal Law § 166—**
    Assignments of error not brought forward in the brief are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Burglary and Unlawful Breakings § 5—**
    Sufficiency of defendant's guilt of breaking and entering a store and with larceny of property therefrom as a result of the unlawful entry *held* sufficient to be submitted to the jury.

APPEAL by defendant from *Bailey, J.,* 29 May 1967, Special Criminal Session, MECKLENBURG Superior Court.

The defendant was charged in a bill of indictment with feloniously breaking and entering into a storehouse on 18 December 1966 occupied by Lowder's Grocery Store, owned and operated by Mr. E. H. Lowder, Jr., and with the larceny of a number of properly described articles valued at $447.79.

The defendant entered a plea of not guilty.

In summary, the State's evidence tended to show that on Sunday, 18 December 1966, Mr. Lowder went to his store to check his refrigerator unit and then went home. Within an hour he was notified that his store had been entered, and he returned to it. He found that the front door was still locked, but the back door and bathroom window "were busted out." He found some $500.00 worth of items missing, including a transistor radio, check writing machine, adding machine, sixty-six cartons of assorted cigarettes, two boxes of B. C. headache powders, eight packages of razor blades and fifteen flashlights. Shortly afterwards, most, if not all, of these articles were found behind a wall about fifty feet from the store.

Several officers of the Charlotte Police Department testified that they went to the store about 7:30 p.m. and found that the back door had been broken into; that they found the articles, later identified as belonging to Mr. Lowder, behind the wall, and that they saw Allen Britt Wyatt, the defendant, seated in a car approximately four or five feet from the wall where the merchandise was stacked. That the defendant was arrested, and upon emptying the contents of his pockets, two coins were found: a Canadian penny and a Canadian dime. These coins were identified by Richard Allen Helms, who was then employed by Mr. Lowder. He said that the penny was kept in the middle compartment of the cash register in the store, that he had seen it the day before and that it had an impression on both sides with a hole in it at the top. Fingerprints were taken from some of the cigarette cartons, compared with those of the defendant, and found to be his.

The defendant offered no evidence.

The jury returned a verdict of guilty on both counts, and from judgment of imprisonment, the defendant appealed.

*William J. Richards, Jr., Attorney for defendant appellant.*

*T. W. Bruton, Attorney General, and George A. Goodwyn, Assistant Attorney General, for the State.*

PER CURIAM.  In the case on appeal, the defendant excepts to the failure of the Court to allow his motion for judgment of non-

suit and to a portion of the charge. However, he has not brought forth any assignments of error in his brief, and they are deemed to be abandoned. Rule 28, Rules of Practice in the Supreme Court, 254 N.C. 783; *State v. Strickland*, 254 N.C. 658, 119 S.E. 2d 781.

Nevertheless, we have examined the record and find the exceptions without merit. Evidence that the store had been broken open, that the defendant was found in the immediate vicinity within a few minutes afterwards, that he was sitting in a car only four or five feet from the articles taken from the store, had in his possession a coin taken from the store, and that his fingerprints were found upon some of the stolen property was ample to go to the jury and sustain a verdict of guilty.

That portion of the charge to which the defendant took an exception dealt with the doctrine of recent possession of stolen property and is in accord with many rulings of the Court.

No error.