STATE OF NORTH CAROLINA v. EDDIE LEE WOOTEN

No. 726SC120

(Filed 28 June 1972)

1. Criminal Law § 99— court's questions to defendant — clarification
   Questions which the trial court asked defendant were proper for clarification of the testimony and did not constitute prejudicial error.

2. Criminal Law § 128— denial of mistrial
   The trial court did not err in the denial of defendant's motion for a mistrial.

3. **Constitutional Law § 32— motion to dismiss appointed counsel — denial**

   The trial court did not err in the denial of defendant's motion, made at the close of all the evidence, to dismiss his court-appointed counsel.

4. **Criminal Law § 113— recapitulation of evidence — inadvertence — necessity for objection**

   An inadvertence in recapitulating the evidence must be called to the trial court's attention in time for correction.

5. **Criminal Law § 117— accomplice testimony — instructions**

   Absent a request, the trial court is not required to charge on the weight and credibility to be given the testimony of an accomplice.

APPEAL by defendant from *Parker, Judge,* 13 September 1971 Criminal Term of Superior Court held in BERTIE County.

Defendant was charged in two indictments with (1) larceny of a truck belonging to Stackhouse, Inc., and, (2) breaking and entering and larceny. The cases were consolidated for trial. Defendant represented by court-appointed counsel, pleaded not guilty. Upon a verdict of guilty in each case and the entry of judgments thereon, defendant appealed.

*Attorney General Robert Morgan by Christine A. Witcover, Associate Attorney, for the State.*

*John H. Harmon for defendant appellant.*

VAUGHN, Judge.

[1] Defendant first assigns as error the asking of certain questions of the defendant by the trial judge which questions, defendant contends, were prejudicial to defendant and in violation of G.S. 1-180. "It is well settled in this State that the trial judge can ask questions of a witness in order to obtain a proper understanding and clarification of the witness' testimony." *State v. Strickland,* 254 N.C. 658, 119 S.E. 2d 781; see also, *State v. Blalock,* 9 N.C. App. 94, 175 S.E. 2d 716. It has also been stated, in *State v. Perry,* 231 N.C. 467, 57 S.E. 2d 774, that, "The comment made or the question propounded should be considered in the light of all the facts and attendant circumstances disclosed by the record, and unless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless." Viewing the questions here complained of in light of the circumstances at trial, we hold that the questions were proper for

clarification of the testimony and did not constitute prejudicial error. *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376; *State v. Strickland, supra.*

**[2]** Defendant contends that the trial court committed prejudicial error in denying defendant's motion for a mistrial. "Motions for a mistrial or a new trial based on misconduct affecting the jury are addressed to the discretion of the trial court. [Citation omitted.] Unless its rulings thereon are clearly erroneous or amount to a manifest abuse of discretion, they will not be disturbed." *State v. Sneeden,* 274 N.C. 498, 164 S.E. 2d 190. The record discloses no reason why the judge should have granted defendant's motion. This assignment of error is overruled.

**[3]** Defendant contends that the trial court erred in failing to grant defendant's motion, made at the close of all the evidence, to dismiss his court-appointed counsel. There is nothing in the record to indicate that defendant desired to conduct the remainder of his own defense. "In the absence of any substantial reason for replacement of court-appointed counsel, an indigent defendant must accept counsel appointed by the court, unless he desires to present his own defense." *State v. McNeil,* 263 N.C. 260, 139 S.E. 2d 667. It has also been stated, in *State v. Moore,* 6 N.C. App. 596, 170 S.E. 2d 568, that, "An expression by a defendant of an unfounded dissatisfaction with his court-appointed counsel does not entitle him to the services of another court-appointed attorney." Defendant's assignment of error directed to the trial judge's failure to dismiss court-appointed counsel is without merit.

**[4]** Defendant's fourth assignment of error is that the trial court fundamentally misstated the testimony of a defense witness. "We have repeatedly held that an inadvertence in stating contentions or in recapitulating the evidence must be called to the attention of the court in time for correction. After verdict, the objection comes too late." *State v. Cornelius,* 265 N.C. 452, 144 S.E. 2d 203. The alleged inadvertence was not called to the trial judge's attention in this case.

**[5]** Defendant assigns as error that the trial court erred in failing to charge on the law regarding accomplice testimony. This assignment of error is overruled. No such request was made at trial and, absent a request, the court is not required to charge on the weight and credibility to be given the testimony

of an accomplice. Moreover, the fact is that the court did, without request, properly instruct the jury as to the credibility of interested witnesses, whether for the prosecution or the defense.

In the trial from which defendant appealed, we find no error.

No error.

Judges MORRIS and GRAHAM concur.